# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

GEORGE C. DEL VALLE,

    Plaintiff,

vs.                                                                                                                No. CIV 99-0044 JC/DJS

PATRICK VANDERGRIFF and NEW MEXICO
DEPARTMENT OF REGULATION AND LICENSING,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon Defendants' Motion to Dismiss and Memorandum in Support of Motion to Dismiss, filed February 2, 1999 *(Doc. 2)*. This is an employment discrimination case based on national origin and age. Plaintiff bases his Complaint on Title VII of the Civil Rights Act of 1964, as amended; the New Mexico Human Rights Act; and the Age Discrimination in Employment Act (ADEA).[1] Plaintiff is suing Patrick Vandergriff, who was the Acting Director of the Construction Industries Division of the New Mexico Department of Regulation and Licensing (DRL), as well as the DRL. The Complaint is unclear as to whether Plaintiff is suing Defendant Vandergriff in his official or individual capacities or both. I will assume that Defendant Vandergriff is being sued in both his official and individual capacities.

---

[1] The Plaintiff specifically states that he is not suing under 42 U.S.C. § 1983 although his Complaint is titled "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983."

A.      **Background**

Plaintiff previously worked at the DRL as an Investigator/Inspector. In September 1994, the Plaintiff applied for the position of Investigator III. Defendant Vandergriff did not interview or hire Plaintiff allegedly because Plaintiff is Hispanic and 60 years old. Instead, Plaintiff states that Defendant Vandergriff hired a younger Caucasian male less qualified than himself for the position. Plaintiff also alleges that Defendant Vandergriff was aware of Plaintiff's previous excellent evaluations, experience, and education. Plaintiff filed complaints of discrimination with both the New Mexico Human Rights Division and the Equal Employment Opportunity Commission (EEOC). Plaintiff received a right to sue letter from the EEOC on October 19, 1998. Pursuant to that right to sue letter, Plaintiff filed this federal suit on January 12, 1999.

Defendants contend that the Title VII and ADEA claims should be dismissed against Defendant Vandergriff in his individual capacity. Defendants also contend that the New Mexico Human Rights Act claim should be dismissed against both Defendants in its entirety. Granting the Defendants' motion to dismiss would leave Title VII and ADEA claims against Defendant DRL and Defendant Vandergriff in his official capacity.

B.      **Plaintiff's Surreply**

As a preliminary matter, the Court notes that Plaintiff filed a surreply on March 5, 1999, titled "Plaintiff's Answer to 'Defendant's [sic] Answer to Plaintiff's Answer to Defendant's [sic] Motion to Dismiss.'" Plaintiff failed to obtain leave of the Court to file his surreply as required by D.N.M.LR-Civ. 7.6(b). Consequently, Plaintiff's surreply will be stricken.

C.  **Standard for Motion to Dismiss**

In ruling on a motion to dismiss, a court presumes all of Plaintiff's factual allegations are true and construes them in the light most favorable to Plaintiff. *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). Courts may not dismiss a lawsuit for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to recovery. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Complaints drawn by *pro se* litigants, such as the Complaint now before the Court, are held to less stringent pleading standards than complaints drafted by counsel. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Nonetheless, a *pro se* complaint may be dismissed if it clearly fails to state a legally cognizable claim. *Id.*; *see also Denton v. Hernandez*, 504 U.S. 25, 31-33 (1992) (applying *Conley* standard to *pro se* complaint). "The court should not assume the role of advocate [for a *pro se* litigant], and should dismiss claims which are supported only by vague and conclusory allegations." *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992) (citing *Hall*, 935 F.2d at 1110).

D.  **The Title VII Claim Against Defendant Vandergriff in his Individual Capacity**

The Defendants argue that Title VII relief can be obtained only from an employer, not from an employee such as Defendant Vandergriff in his individual capacity. That is so. Title VII liability is borne by the employer, not by supervisors or employees in their individual capacities. *Haynes v. Williams*, 88 F.3d 898, 901 (10th Cir. 1996). In this case, Defendant Vandergriff was not the employer, DRL was. Accordingly, I find that the Title VII suit should be dismissed against Defendant Vandergriff in his individual capacity.

### E. The New Mexico Human Rights Act

Defendants raise three arguments in favor of dismissing the New Mexico Human Rights Act claim. First, Defendants argue that Plaintiff failed to exhaust his administrative remedies because he failed to appeal the administrative decision. Second, Defendants argue that the state courts have exclusive jurisdiction over New Mexico Human Rights Act claims. Third, Defendants argue that the New Mexico Human Rights Act claim against Defendant Vandergriff should be dismissed because Plaintiff failed to name him in his administrative complaint.

The New Mexico courts have held that a defendant cannot be sued under the New Mexico Human Rights Act unless the complainant has exhausted his administrative remedies pursuant to the grievance procedure set forth in the New Mexico Human Rights Act. *See Luboyeski v. Hill,* 117 N.M. 380, 382, 872 P. 2d 353, 355 (1994). Section 28-1-13( A) of the New Mexico Human Rights Act states that "[a]ny person aggrieved by an order of the commission may obtain a trial de novo . . . by filing a notice of appeal within thirty days from the date of service of the commission's order." Moreover, "parties who have not been parties to an administrative proceeding should not be added on appellate review of that proceeding." *Luboyeski,* 117 N. M. at 382, 872 P.2d at 355. In this instance, Plaintiff did not file an appeal from the New Mexico Human Rights Commission's order nor did he name Defendant Vandergriff as a party in his New Mexico Human Rights Act complaint. Plaintiff, therefore, clearly procedurally defaulted his New Mexico Human Rights Act claim. Consequently, that claim is subject to dismissal. That being so, I see no need to address the exclusive state court jurisdiction issue.[2]

---

[2] For a thorough discussion of the exclusive state court jurisdiction issue see *Sanchez v. Mora-San Miguel Elec. Coop., Inc., et al.*, No. CIV 96-1430 RLP/WWD, Memorandum Opinion, filed March 24, 1997 (D.N.M.) (finding federal jurisdiction).

### F. The ADEA Claim Against Defendant Vandergriff in his Individual Capacity

The Defendants assert that the ADEA does not apply to Defendant Vandergriff in his individual capacity because he is not an employer but rather only an employee. Defendants are correct. *See, e.g., Butler v. City of Prairie Village*, ___ F.3d ___, 1999 WL 191116 (10th Cir. 1999); *Stults v. Conoco, Inc.*, 76 F.3d 651, 655 (5th Cir. 1996). I, therefore, find that the ADEA claim against Defendant Vandergriff in his individual capacity is subject to dismissal.

Wherefore,

IT IS ORDERED that Plaintiff's March 5, 1999 surreply *(Doc. 5)* is hereby **stricken**.

IT IS FURTHER ORDERED that Defendants' Motion to Dismiss and Memorandum in Support of Motion to Dismiss *(Doc. 2)* is hereby **granted**.

IT IS FURTHER ORDERED that the Title VII and ADEA claims against Defendant Vandergriff in his individual capacity are **dismissed** with prejudice.

IT IS FINALLY ORDERED that the New Mexico Human Rights Act claim is **dismissed** in its entirety with prejudice.

DATED this 26th day of May, 1999.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**

Plaintiff *Pro Se*:        George C. Del Valle
                           Santa Fe, New Mexico

Counsel for Defendants:    Barbara Pryor
                           Wilson & Pryor
                           Albuquerque, New Mexico