**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

GEORGE C. DEL VALLE,

          Plaintiff Pro Se,

        vs.                                    No. CIV 99-0044 JC/DJS

PATRICK VANDERGRIFF and NEW MEXICO
DEPARTMENT. OF REGULATION AND LICENSING,

          Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER came on for consideration of: 1) Plaintiff's Motion to Request Leave of the Court for Permission to Submit a Surreply to Defendant's Motion for Summary Judgement, filed September 27, 1999 *(Doc. 15)* (Plaintiff's First Motion for Leave to File Surreply), and 2) Plaintiff's Motion to Request Leave of the Court for Permission to Submit a Surreply to "Defendant's Reply to Plaintiff's Response to Defendant's Motion for Summary Judgement and its Memorandum in Support of Motion," filed October 25, 1999 *(Doc. 19)* (Plaintiff's Second Motion for Leave to File Surreply). The Court has reviewed the motions, the memoranda submitted by the parties and the relevant authorities. The Court finds that the first motion was filed prematurely and will be denied. The Court also finds that the second motion is well taken and will be granted.

On September 23, 1999, Defendant filed a Motion for Summary Judgment. Before responding, Plaintiff filed Plaintiff's First Motion for Leave to File Surreply. Thus, Plaintiff requested an opportunity to file a surreply before the response and reply to Defendant's Motion for Summary Judgment were filed with the Court. Under local civil rule 7.6(b), the filing of a surreply requires

leave of the court. With respect to Plaintiff's First Motion for Leave to File Surreply, the request for

leave was filed prematurely. At the time of the filing, Plaintiff had yet to respond to Defendant's

Motion for Summary Judgment and therefore still had ample opportunity to address all issues

concerning him in his Response. Therefore, Plaintiff's First Motion for Leave to File a Surreply will

be denied.

Subsequently, after Defendant's Motion for Summary Judgment was fully briefed, Plaintiff

filed Plaintiff's Second Motion for Leave to File Surreply. Defendant filed a Response to the Motion,

arguing that no new issues were raised in the Reply to Plaintiff's Response to Defendant's Motion

for Summary Judgment. *See* Defendant's Response to "Plaintiff's Motion to Request Leave of the

Court for Permission to Submit a Surreply to Defendant's Reply to Plaintiff's Response to

Defendant's Motion for Summary Judgment and its Memorandum in Support of Motion," filed

October 28, 1999 *(Doc. 20)*. Whether to allow surreplies lies in the sound discretion of the district

courts. *See* FED. R. CIV. P. 7(a).

Pleadings filed pro se are held "to less stringent standards than formal pleadings drafted by

lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-21,(1972). The *Haines* rule applies to "all

proceedings involving a pro se litigant, including . . . summary judgment proceedings." *Hall v.

Bellmon*, 935 F.2d 1106, 1110 n.3 (10th Cir.1991). Therefore, if a party opposing summary

judgment appears pro se, the court may interpret his pleadings generously. *See Belhomme v. Widnall*,

127 F.3d 1214, 1216 (10th Cir. 1997). This liberal construction, however, will not relieve plaintiff

of his burden of presenting sufficient facts to state a legally cognizable claim. *See Hall* at 1110.

Nevertheless, "if the court can reasonably read the pleadings to state a valid claim on which the

plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his

confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Id.*

Given the flexibility afforded to a pro se litigant, the Court is inclined to allow a surreply, in order to assure the Court that the Motion for Summary Judgment is fully briefed. In a summary judgment context, pro se litigants should be given an opportunity to remedy defects which result from their unfamiliarity with federal law and motion practice. *Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990). In this case, Plaintiff will be allowed all opportunity to support his opposition to summary judgment. While the intention of the Court is not to allow the introduction of new matters, in the event that new matters are raised, Defendants may have the opportunity to provide an answer to the surreply. Therefore, the decision of the Court does not prejudice Defendant in any way.

Wherefore,

IT IS HEREBY ORDERED that Plaintiff Del Valle's Motion to Request Leave of the Court for Permission to Submit a Surreply to Defendant's Motion for Summary Judgement was filed prematurely and will be **denied**.

IT IS FURTHER ORDERED that Plaintiff Del Valle's Motion to Request Leave of the Court for Permission to Submit a Surreply to "Defendant's Reply to Plaintiff's Response to Defendant's Motion for Summary Judgment and its Memorandum in Support of Motion" is **granted**. The surreply shall be filed within 14 days of this opinion to be considered.

DATED this 8th day of November, 1999.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**

Plaintiff Pro Se:             George C. Del Valle
Santa Fe, New Mexico

Counsel for Defendants:     Barbara Pryor
McCary, Wilson & Pryor
Albuquerque, New Mexico