# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

GEORGE C. DEL VALLE,

    Plaintiff Pro Se,

vs.                                                                                                               No. CIV 99-00044 JC/DJS

PATRICK VANDERGRIFF and NEW MEXICO
DEPT. OF REGULATION AND LICENCING,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER came on for consideration of Defendant's Motion for Leave to File a Brief Answer to Plaintiff's Surreply. The Court has reviewed the motion, the memoranda submitted by the parties and the relevant authorities. The Court finds that the motion is not well taken, and will be denied.

On September 23, 1999, Defendant filed a Motion for Summary Judgment. *See* Def.'s Mot. for Summ. J. and Mem. in Support of Mot., filed Sept. 23, 1999 *(Doc. 11)*. After Defendant's motion for summary judgment was fully briefed, *pro se* Plaintiff George Del Valle requested an opportunity to file a surreply in response to Defendant's reply brief. *See* Pl.'s Second Mot. for Leave to File Surreply, filed Oct. 25, 1999 *(Doc. 19)*.

Given that pleadings filed *pro se* are held "to less stringent standards than formal pleadings drafted by lawyers," the Court allowed Plaintiff to submit a surreply.[1] *Haines v. Kerner*,

---

[1] Plaintiff's surreply was filed November 19, 1999. *See* Pl.'s Surreply to Def.s' Reply to Pl.'s Resp. to Def.'s Mot. for Summ. J. and its Mem. in Support of Mot., filed Nov. 19, 1999 *(Doc. 22)*.

404 U.S. 519, 520-21 (1972); *see also Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990) (in a summary judgment context, *pro se* litigants should be given an opportunity to remedy defects which result from their unfamiliarity with federal law and motion practice). Now, Defendant seeks an opportunity to reply to Plaintiff's surreply.

Whether to allow a surreply lies in the sound discretion of the district courts. *See* FED. R. CIV. P. 7(a). Having accepted a surreply, the Court is now faced with two permissible courses of action. It can either permit a response to the surreply or refrain from relying on any new material contained in the surreply brief. *See for example, Beaird v. Seagate Technology, Inc.*, 145 F.3d 1159, 1164 (10th Cir. 1998) (a court does not abuse its discretion by precluding a surreply if it does not rely on new materials and arguments stated in the reply brief). Defendant contends that Plaintiff's surreply submits additional information alleging that Mr. Sammy McClendon was given an office, one of the original arguments made by Mr. Del Valle to support his discrimination claim. *See* Pl.'s Resp. to Def.'s Mot. for Summ. J. at 6, ¶ 5, filed Oct. 4, 1999 *(Doc. 17)*. However, Plaintiff's surreply includes no affidavit or exhibit to support his assertion. Therefore, the surreply essentially amounts to no more than a reiteration of the matters previously stated in his response to Defendant's motion for summary judgment. Because the surreply does not raise new issues to the case, there is no need for Defendant to continue this already lengthy briefing by filing a response to Plaintiff's surreply. Therefore, Defendant's motion is not well taken and will be denied.

Wherefore,

IT IS HEREBY ORDERED that Defendant's Motion for Leave to File a Brief Answer to Plaintiff's Surreply is hereby **denied**.

DATED this 17th day of December, 1999.

_____
CHIEF UNITED STATES DISTRICT JUDGE

| | |
|---|---|
| Plaintiff *pro se*: | George C. Del Valle<br>Santa Fe, New Mexico |
| Counsel for Defendants: | Barbara Pryor<br>McCary, Wilson & Pryor<br>Albuquerque, New Mexico |