IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GEORGE C. DEL VALLE,

    Plaintiff *Pro Se*,

    vs.                                                No. CIV 99-00044 JC/DJS

PATRICK VANDERGRIFF and NEW MEXICO
DEPT. OF REGULATION AND LICENCING,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER came on for consideration of Defendant's Motion for Summary Judgment and Memorandum in Support, filed September 23, 1999 *(Doc. 11)*. The Court has reviewed the motion, the memoranda submitted by the parties and the relevant authorities. The Court finds that the motion is well taken, and will be granted.

**I.    Background**

Plaintiff George Del Valle, a 60 year old Hispanic man, was employed by the Construction Industries Division (CID) of the Regulation and Licencing Department (RLD) of the State of New Mexico as an Investigator II from 1991 until June 17, 1994. The nature of Plaintiff's work required him to spend approximately half the time in the office, and half the time in the field investigating complaints. During the time that Plaintiff was employed as an investigator, his office space consisted of a cubicle enclosed on three sides by partition walls.

Beginning in early 1994, Plaintiff began requesting an enclosed office. Plaintiff's supervisors located an office for him, but the office assignment fell through when the office was reassigned to

another department with priority. Ultimately, Plaintiff made it clear that he would resign if an enclosed office was not located for him. Plaintiff subsequently resigned for that reason on June 17, 1994. *See* Ex. B. attached to Def.'s Mot. for Summ. J. *(Doc. 11)*.

CID later sought to fill a vacant Investigator III position. As Acting Director of CID, Patrick Vandergriff requested a list of qualified applicants from the State Board of Personnel. Plaintiff's name was among the list of qualified applicants. Mr. Vandergriff spoke with Plaintiff about the position, whereupon Plaintiff maintained that he would require an enclosed office if selected for the Investigator III position. Because the person ultimately hired would utilize the cubicle vacated by Plaintiff, Mr. Vandergriff offered the position to another person on the qualified applicant list, Sammy McClendon, an applicant recommended for the position by the Governor's office.

Plaintiff brought this suit under 42 U.S.C. § 2000e, *et. seq.* (Title VII), the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et. seq.* (ADEA), and the Human Rights Act, NMSA 1978 § 28-1-1, *et. seq.*, alleging that Defendants discriminated against him by selecting a less qualified, younger Caucasian applicant. On May 26, 1999, this Court dismissed all of Plaintiff's claims, except those alleging race and age discrimination under Title VII and the ADEA against Defendant RLD and Defendant Vandergriff in his official capacity. *See* Mem. Op. and Order, filed May 26, 1999 *(Doc. 9)*. Defendant RLD seeks summary judgment on the remaining claims, contending that Plaintiff was not chosen for the Investigator III position on the basis of legitimate, non-discriminatory reasons.[1]

---

[1] Because Defendant Vandergriff is being sued in his official capacity, Defendant RLD also brings this motion on his behalf.

**II.     Analysis**

    **A.     Standard**

Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The Federal Rules of Civil Procedure provide that it is the movant's burden to demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 321-23 (1986). Once the movant has made such a showing, the adverse party "may not rest upon the mere allegations or denials of [their] pleading[s], but . . . must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e).

When applying this standard, "[t]he evidence must be viewed in the light most favorable to the nonmoving party." *Frandsen v. Westinghouse Corp.*, 46 F.3d 975, 977 (10th Cir. 1995). "Summary judgment is only appropriate if 'there is [not] sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.'" *Biester v. Midwest Health Servs., Inc.*, 77 F.3d 1264, 1266 (10th Cir. 1996) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). Thus, to defeat a summary judgment motion, the nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-86(1986).

    **B.     ADEA Claims**

In light of the recent decision in *Kimel v. Florida Bd. of Regents*, 2000 WL 14165 (U.S. Fla.), Plaintiff's ADEA claim is hereby dismissed. In *Kimel*, the United States Supreme Court granted certiorari to determine whether the ADEA validly abrogates states' Eleventh Amendment immunity from suit. *See* 2000 WL 14165, *7. The majority opinion found that while Section 5 of the

Fourteenth Amendment grants Congress an affirmative power to determine whether and what legislation is needed to secure the guarantees of the Fourteenth Amendment, Congress's power under Section 5 is limited to enforcement. *See id.* at *12, citing *City of Boerne v. Flores*, 521 U.S. 507, 517 (1997). The power to enforce includes the authority to both remedy and deter violations of the Fourteenth Amendment. *See id.* On the other hand, the power to determine what constitutes a constitutional violation is a judgment left to the province of the Judicial Branch. *See id.*

The Court then proceeded to determine whether the ADEA is appropriate legislation under Congress's Fourteenth Amendment power. *See id.* at *13. Granting wide latitude to Congress in determining what is considered remedial legislation and what falls under the guise of substantive redefinition of the Fourteenth Amendment, the Supreme Court nevertheless held that the ADEA imposes requirements on state and local governments that are disproportionate to any unconstitutional conduct conceivably targeted by the Act. *See id.* Thus, the Act as applied to state and local governments, fails to demonstrate a "congruence and proportionality between the injury to be prevented or remedied, and the means adopted to that end." *See id.* quoting *City of Boerne v. Flores*, 521 U.S. 507, 520 (1997). Accordingly, the Court held that the ADEA's purported abrogation of the states' sovereign immunity is invalid. *See Kimel* at *17. Pursuant to *Kimel*, Plaintiff may not assert a claim of age discrimination against the State of New Mexico. Therefore, Plaintiff's ADEA claim against RLD and Patrick Vandergriff in his official capacity is dismissed.

**C.     Title VII**

The purpose of Title VII is to prevent discrimination based on race, color, religion, gender and national origin. Neither Plaintiff nor Defendant asserts that there is direct evidence of racial discrimination. Thus, Plaintiff must demonstrate evidence of discrimination using the indirect method

of proof developed in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973). *See also*, *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 252-56 (1981). As set forth under *McDonnell Douglas*, Plaintiff must first demonstrate, by a preponderance of the evidence, a *prima facie* case of discrimination against the employer. *See* 411 U.S. at 802-04. If the plaintiff succeeds in proving a *prima facie* case of discrimination, the burden shifts to the defendant to "articulate some legitimate, non-discriminatory reason for the employee's rejection. *See id.* at 802. Should Defendant carry its burden, Plaintiff is given the opportunity to demonstrate that the reasons proffered by Defendant are merely pretext for discrimination. *See id.*

Although pleadings filed *pro se* are held "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520-21(1972), Plaintiff must still show that there is a genuine issue of fact as to whether Defendant's proffered rationale is merely a pretext for unlawful discrimination. *See Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991) (finding that despite the liberal construction, Plaintiff's pleadings must present sufficient facts to state a legally cognizable claim). Accordingly, for the purposes of summary judgment, if the plaintiff can show a *prima facie* case of discrimination and present evidence that the employer's proffered nondiscriminatory reason is mere pretext, the case should go to the fact-finder. *See Jones v. Unisys Corp.*, 54 F.3d 624, 630 (10th Cir. 1995).

   **D.**  **Analysis of Discrimination Under the *McDonnell-Douglas* Indirect Method of Proof**

     *1.*  *Plaintiff first must demonstrate a prima facie case of discrimination*

It is assumed for the purposes of this opinion that Plaintiff can establish a *prima facie* case of discrimination. *See* Def.'s Mot. for Summ. J. at 10.

## 2. *Defendant must proffer a legitimate, non-discriminatory rationale*

After Plaintiff has demonstrated a *prima facie* case of discrimination, the burden shifts to the employer to "articulate some legitimate, non-discriminatory reason for the employee's rejection." *McDonnell Douglas,* 411 U.S. at 802; *see also Burdine*, 450 U.S. at 254. The defendant's burden has been characterized as "exceedingly light." *See Anaeme v. Diagnostek, Inc.*, 164 F.3d 1275, 1279 (10th Cir.1999). "The defendant need not persuade the court that it was actually motivated by the proffered reasons." *Burdine*, 450 U.S. at 254- 55. Therefore, to satisfy its burden, "the employer need only produce admissible evidence which would allow the trier of fact rationally to conclude that the employment decision had not been motivated by discriminatory animus." *Id.* at 257.

Defendant asserts that Plaintiff expressed the need for an enclosed office, which RLD was unable to provide. Nevertheless, it is not enough that Defendant merely offer an explanation, it must also produce admissible evidence to support the decision to hire Mr. McClendon instead of Plaintiff. *See Burdine*, 450 U.S. 248, 256 n.9. To this purpose, Defendant has provided exhibits and affidavits that support its decision to select another applicant for the Investigator III position. The exhibits include Plaintiff's letter of resignation and Plaintiff's deposition testimony. *See* Exs. A and B, attached to Def.'s Mot. for Summ. J. *(Doc. 11)*. Also included are affidavits from Patrick Vandergriff and CID Administrator Theresa Rodriguez. *See* Aff. of Patrick Vandergriff *(Doc. 12);* Aff. of Theresa Rodriguez *(Doc. 13)*.

Defendant's proffered reason is legitimate and non-discriminatory under Title VII. Any applicant who required a private office would not have been hired, simply because there was no

private office to be had.[2] Such a designation does not discriminate against a person on the basis of race or age. Therefore, Defendant has met its burden of production and rebutted Plaintiff's *prima facie* case of unlawful discrimination.

> 3.   *Plaintiff must demonstrate that Defendant's proffered reason is merely pretextual*

The final stage of the *McDonnell-Douglas* analysis requires that the plaintiff demonstrate that the defendant's proffered reason is merely pretextual, or otherwise motivated by discriminatory intent. *See McDonnell Douglas,* 411 U.S. 792, 804-05; *see also Burdine*, 450 U.S. at 253. Once the employer has presented a legitimate, non-discriminatory explanation, the plaintiff "then assumes the normal burden of any plaintiff to prove his or her case at trial." *E.E.O.C. v. Flasher Co., Inc.*, 986 F.2d 1312, 1316 (10th Cir. 1992), *overruling on other grounds recognized by Kline v. Tennessee*

---

[2] Furthermore, Mr. McClendon may have been hired over all other applicants, regardless of their race or age, based on a recommendation from the governor. Such a recommendation is not unlawful. An employer is granted much latitude in its hiring decisions. As such, an employment decision is based on many factors, many of which are tangential to the actual job description. Thus, an employer may hire or fire an employee for no reason, as long as it is not based on discrimination. The Tenth Circuit described the nature of Title VII in *E.E.O.C. v. Flasher Co., Inc.*, 986 F.2d 1312, 1319 (10th Cir. 1992), *overruling on other grounds recognized by Kline v. Tennessee Valley Auth.*, 128 F.3d 337 (6th Cir. 1997):

> Title VII makes it unlawful for 'an employer . . . to fail or refuse to hire or . . . to discriminate against any individual with respect to . . . employment, because of such individual's race, color, religion, sex, or national origin. . . .' 42 U.S.C. § 2000(e)-2(a)(1) (emphasis added). Title VII does not make unexplained differences in treatment per se illegal nor does it make inconsistent or irrational employment practices illegal. It prohibits only intentional discrimination based upon an employee's protected class characteristics. Human relationships are inherently complex. Large employers must deal with a multitude of employment decisions, involving different employees, different supervisors, different time periods, and an incredible array of facts that will inevitably differ even among seemingly similar situations. The law does not require, nor could it ever realistically require, employers to treat all of their employees all of the time in all matters with absolute, antiseptic, hindsight equality.

Thus, a recommendation of an applicant by a civic leader may also be a legitimate reason for refusal to hire another applicant.

*Valley Auth.*, 128 F.3d 337 (6th Cir. 1997). At all times, Plaintiff retains the ultimate burden of persuasion. *See Burdine*, 450 U.S. at 256.

Pretext may be demonstrated by a number of methods. The most effective manner is by presenting direct evidence of discrimination. In this case, however, the parties offer no direct evidence of discrimination. Thus, Plaintiff must rely on indirect evidence of discrimination. "Evidence of pretext may include, but is not limited to, the following: prior treatment of plaintiff; the employer's policy and practice regarding minority employment (including statistical data); disturbing procedural irregularities (e.g., falsifying or manipulating hiring criteria); and the use of subjective criteria." *Simms v. Oklahoma*, 165 F.3d 1321, 1328 (10th Cir. 1999), *cert. denied*, ____ U.S. ____, 120 S. Ct. 53 (1999).

One method of establishing pretext is by demonstrating "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them unworthy of credence and hence infer that the employer did not act for the asserted non-discriminatory reasons." *Morgan v. Hilti, Inc.*, 108 F.3d 1319, 1321 (10th Cir. 1997). Here, Plaintiff argues that Defendant has offered inconsistent reasons for not hiring Plaintiff, thereby indicating that Defendant is merely making excuses for its discriminatory practices. *See* Pl.'s Resp. to Def.'s Mot. for Summ. J. and its Mem. in Support of Mot. at 3-4 *(Doc. 17)*. In support of his contention, Plaintiff argues that Defendant Vandergriff has submitted more than one affidavit citing different reasons for what was ultimately his hiring choice. *See* Pl.'s Resp. to Def's Mot. for Summ. J. at 3-4 *(Doc. 17)*.

While it is true that Mr. Vandergriff has submitted more than one affidavit, the statements within each are not inconsistent. In the first affidavit, dated June 12, 1995, Mr. Vandergriff states

that he did not hire Plaintiff because of his previous work performance. *See* Ex. A attached to Pl.'s Resp. In the second, dated August 6, 1998, Mr. Vandergriff reiterates that Plaintiff's job performance was less than satisfactory and describes Plaintiff's desire for a private enclosed office. *See* Ex. D attached to Pl.'s Resp. The final affidavit, dated September 20, 1999, describes the entire procedure and rationale used to select the new hire. *See* Aff. of Patrick Vandergriff *(Doc. 12)*. Among the reasons stated in Mr. Vandergriff's third affidavit for not hiring Plaintiff were that: 1) Mr. McClendon was recommended by the Governor's office, *see id.* at 2, ¶ 6., 2) Plaintiff would require a private office that CID was unable to provide, *see id.* at 3, ¶ 9, and 3) Mr. McClendon was well qualified for the position, *see id.* at 2-3, ¶ 8. While the third affidavit does not refer specifically to Plaintiff's work performance, it does refer to the disruption that occurred when Plaintiff did not receive a private office and resigned. *See id.* at 4, ¶ 11. Consequently, each affidavit is more comprehensive than the last, and does not contradict the previous one. Plaintiff has therefore failed to demonstrate such inconsistencies that may lead to an inference that Defendant's proffered reasons are merely pretext for discrimination.

Another method of establishing pretext is by demonstrating that the rationale proffered is false. *See St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 515 (1993). In this case, Defendant has provided affidavits to support its contention that Mr. McClendon occupied Plaintiff's vacated cubicle. *See* Aff. of Patrick Vandergriff *(Doc. 12)*; Aff. of Theresa Rodriguez *(Doc. 13)*. Plaintiff, on the other hand, argues that the person hired actually received a private office. However, Plaintiff provides no evidence to support his allegation, other than to proffer testimony that will be presented

at trial.³ Plaintiff has failed to produce sufficient evidence to "demonstrate that the proffered reason was not the true reason for the employment decision." *Burdine*, 450 U.S. at 256. A general denial of Defendant's justification is not sufficient to show pretext. *See Irvin v. Airco Carbide*, 837 F.2d 724, 726 (6th Cir. 1987). Rather, "a plaintiff must take the extra step of presenting evidence to show that the reasons given are an attempt to cover up the employer's alleged real discriminatory motive." *Id.*

Plaintiff also attempts to show pretext by demonstrating that the hiree was not qualified for the Investigator III position. Plaintiff has included a description of the Investigator III position, including the qualifications required for the position. *See* Pl.'s Ex. J. The relevant requirements include a high school diploma, plus general college experience *or* experience in one of a number of fields relating to the investigative position and totaling at least seven years. *See id.* at 2. Plaintiff includes only a data sheet filled out by Mr. McClendon indicating that Mr. McClendon is retired from the Air Force, has a high school diploma and has attended the Community College of the Air Force. *See* Pl.'s Ex. G. Plaintiff submitted no further evidence of Mr. McClendon's work history and educational background. Defendant has provided an affidavit indicating that Mr. McClendon served ten years as a United States Air Force Security Policeman. *See* Aff. of Patrick Vandergriff at 2. In addition, Mr. McClendon had extensive training in interrogation and had served in the Curry County Sheriff's Office in Clovis, New Mexico. *See id.* at 2-3. Thus, Mr. McClendon was more than adequately qualified for the position and in fact appeared on the list of qualified applicants for the

---

³ Plaintiff states, "[f]ormer CID Deputy Director Jack O'Guinn and Administrative officer Wayne Dotson both dispute [that Mr. McClendon was assigned to a cubicle] and state that Theresa Rodriguez was moved to the office previously occupied by Mr. Dennis South, who had left, and that Sammy McClendon was given the office previously occupied by Theresa Rodriguez. Mr. O'Guinn and Mr. Dotson have both volunteered to testify to this in Court and are on Plaintiff's list of witnesses." Pl.'s Resp. at 11.

vacant Investigator III position. *See id.* at 2. Therefore, Plaintiff has failed to show that Defendant's proffered rationale was merely pretext for hiring an unqualified, Caucasian applicant, since the applicant hired was not unqualified.

Finally, Plaintiff argues that even if an office was unavailable for the hiree, the position should have been offered to Plaintiff so that he could make the decision to accept or reject it. However, Defendant had no reason to believe that Plaintiff would accept the position in light of Plaintiff's resignation over the exact same issue regarding office space. Nevertheless, even if Defendant mistakenly assumed that Plaintiff would turn down the position, Defendant is entitled to make a mistake in judgment, so long as it is not motivated by discriminatory animus. *See Sanchez v. Phillip-Morris*, 992 F.2d 244 (10th Cir. 1993). Plaintiff has failed to demonstrate that Defendant's proffered reasons are pretextual. Consequently, Plaintiff has failed to satisfy his burden in the *McDonnell-Douglas* burden shifting scheme.

### III.     Conclusion

Given the Supreme Court's decision in *Kimel v. Florida Board of Regents*, 2000 WL 14165 (U.S. Fla.), the Court need not consider Plaintiff's claim under the ADEA. Under Title VII, Plaintiff's ultimate burden is to demonstrate that Defendant's actions were motivated by intentional discrimination. In order to prove intentional discrimination, Plaintiff must show that Defendant offered a pretextual explanation for its hiring decision. Plaintiff has failed to provide evidence to support such an inference. Accordingly, Defendant's Motion for Summary Judgment is well taken and will be granted.

Wherefore,

IT IS ORDERED that Defendant's Motion for Summary Judgment *(doc. 11)* is hereby **granted**.

IT IS FURTHER ORDERED that Plaintiff's case is **dismissed** with prejudice against Defendants Patrick Vandergriff and the New Mexico Department of Regulation and Licencing.

DATED this 26th day of January, 2000.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**

Plaintiff *pro se*:   George C. Del Valle
  Santa Fe, New Mexico

Counsel for Defendants:   Barbara Pryor
  McCary, Wilson & Pryor
  Albuquerque, New Mexico